# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

RAUL VARELA,

      Petitioner,

vs.                                                      No. CV 00-1754 MV/RLP

ERASMO BRAVO, Warden, et al.,

      Respondents.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Petitioner's Petition for Writ of Habeas Corpus **[Doc. No. 1]**, filed December 14, 2000. The Court, having held an evidentiary hearing and considered the petition, briefs, relevant law and being otherwise fully informed, finds that the petition is not well taken and will be **DISMISSED**.

## BACKGROUND

On February 11, 1999, Petitioner was charged in a three-count New Mexico state indictment with cocaine trafficking, possession of drug paraphernalia and possession of more than one ounce of marijuana. Originally, the case was assigned to District Judge Graden W. Beal, who set bond and held an arraignment. The court appointed Matthew Bradburn, a state public defender in Las Cruces, to represent Petitioner.

On June 2, 1999, Petitioner signed a plea agreement pursuant to which he pleaded guilty to one count of cocaine trafficking and the government agreed to dismiss the two remaining counts. The plea agreement contains a provision that there is no agreement as to sentence or sentencing. Further, the agreement provides that the maximum penalty is a basic sentence of nine years followed by two

years of parole.  District Judge Lourdes A. Martinez presided over the plea hearing and signed the plea agreement.

Petitioner testified that, during the plea hearing, Judge Martinez advised Petitioner that the maximum sentence he could receive was nine years.  According to Petitioner, he nonetheless was under the assumption that he would receive a sentence of three years.  Petitioner testified that he was under this assumption because Mr. Bradburn advised him that, because he was a first time offender, he likely would receive a sentence of three years and did not need to worry about receiving the maximum sentence.  Petitioner further testified that Mr. Bradburn made these statements to him on the day of the plea hearing, after Petitioner signed the plea agreement.

Prior to Petitioner's sentencing, Judge Beal passed away.  Petitioner's case was then assigned to District Judge James T. Martin.  Petitioner testified that it was not until the day of his sentencing that Mr. Bradburn advised him that his case had been transferred to Judge Martin.  Petitioner further testified that he had appeared before Judge Martin as a juvenile and that Judge Martin had sentenced Petitioner to the maximum sentence of two years at the New Mexico Boys School.  In addition, Petitioner testified that Judge Martin advised him that if Petitioner ever appeared before him again, he would give him the maximum possible sentence.  According to Petitioner, he relayed this information to Mr. Bradburn and asked Mr. Bradburn to have Judge Martin recused from his case or to seek a continuance of the sentencing in order to pursue a transfer of his case to another judge. Petitioner testified that Mr. Bradburn told him not to worry about it and failed to seek either a continuance or a recusal.

On August 6, 1999, in a oral ruling from the bench, Judge Martin sentenced Petitioner to the maximum sentence of nine years imprisonment. Petitioner moved for reconsideration of his sentence. After a hearing on the motion, District Judge Stephen Bridgforth denied the motion.

On June 21, 2000, Petitioner filed a petition for a writ of habeas corpus in the Third Judicial Court. The matter was assigned to Judge Bridgforth, who denied the petition. On August 14, 2000, Petitioner filed a petition for a writ of certiorari in the New Mexico Supreme Court. The petition was denied on September 11, 2000.

On December 14, 2000, Petitioner filed a petition for a writ of habeas corpus in the United States District Court for the District of New Mexico asking that his state sentence be overturned. On February 13, 2001, Magistrate Judge Richard Puglisi entered Proposed Findings and Recommended Disposition recommending that the petition be denied and that the case be dismissed with prejudice. Petitioner filed objections thereto on February 22, 2001.

In an Order dated August 21, 2001, this Court found that more information was necessary before the Court could make a determination as to whether the objections were well taken or whether the Court should adopt the Magistrate Judge's Proposed Findings and Recommended Disposition. Accordingly, this Court appointed the Federal Public Defender to represent Petitioner in this proceeding and directed the parties to file supplemental briefs on the merits of the petition and on whether an evidentiary hearing was warranted. Thereafter, Petitioner filed a Brief in Support of Habeas Corpus and Requesting Evidentiary Hearing. Respondents filed a Memorandum Answer Brief. This Court held an evidentiary hearing on May 26, 2005. At the conclusion of the hearing, the Court took the petition under advisement.

**DISCUSSION**

Petitioner argues that a writ of habeas corpus should be granted on two grounds: (1) Mr. Bradburn provided ineffective assistance of counsel by failing to challenge Judge Martin; and (2) Petitioner's plea was not knowing and voluntary because it was based on Mr. Bradburn's ineffective assistance -- specifically, his advice to Petitioner that he need not worry about the possibility of receiving the maximum sentence. The Court will discuss these arguments in turn.

**I.      Ineffective Assistance of Counsel**

The Supreme Court set forth the two-pronged test for evaluating ineffective assistance claims in *Strickland v. Washington*, 466 U.S. 668 (1984). In order to show ineffective assistance of counsel, "[a] defendant must show (1) that his counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance was prejudicial." *United States v. Kramer*, 168 F.3d 1196, 1201 (10th Cir. 1999) (citing *Strickland*, 466 U.S. at 692). In order to meet the first prong of this test, the defendant must show "that the attorney's conduct did not fall within the wide range of competence demanded of attorneys in criminal cases." *United States v. Carr*, 80 F.3d 413, 417 (10th Cir. 1996). The court's review of an attorney's conduct must be deferential: "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (citation omitted). For the second prong of the *Strickland* test, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

Petitioner argues that Mr. Bradburn's failure to challenge the assignment of Petitioner's case to Judge Martin constitutes ineffective assistance of counsel. Under New Mexico law, a party to a criminal proceeding has "the right to exercise a peremptory challenge to the district judge before whom the action or proceeding is to be tried and heard . . . After the exercise of a peremptory challenge, that district judge shall proceed no further." N.M.S.A. 1978, §38-3-9 (1985). Petitioner thus was entitled to a peremptory challenge to Judge Martin. According to Petitioner, although he requested that Mr. Bradburn make such a challenge, Mr. Bradburn failed to do so. Petitioner argues that Mr. Bradburn's conduct fails both prongs of the *Strickland* test. First, Petitioner argues that Mr. Bradburn did not decide for strategic reasons not to challenge Judge Martin. Rather, he "dropped the ball" and lost a chance to remove a source of prejudice or bias from the tribunal. Accordingly, Petitioner contends that his failure to challenge Judge Martin is well outside the wide range of reasonable professional assistance. Second, Petitioner contends that there is a reasonable probability that if Petitioner's sentencing judge had been someone other than Judge Martin, he would have received a lighter sentence. His case, Petitioner argues, was weakened by Mr. Bradburn's failure to challenge a judge whom Petitioner believed to be biased against him.

Petitioner states that, although he raised this issue in his state habeas petition, the New Mexico courts did not discuss the issue of Mr. Bradburn's ineffective assistance of counsel. Accordingly, Petitioner argues, the denial of Petitioner's state habeas petition "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. §2254(d)(1). For this reason, Petitioner argues, the appropriate remedy is for this Court to issue a writ of habeas corpus.

The Court agrees that Mr. Bradburn's failure to challenge Judge Martin did not fall within the wide range of competence demanded of attorneys in criminal cases. Even under the most deferential standard of review, Mr. Bradburn's failure to exercise the peremptory challenge to which Petitioner was entitled does not amount to "sound trial strategy." Indeed, Respondents fail to argue, much less demonstrate, that this failure was the result of any trial strategy at all. Rather, Respondents contend that Mr. Bradburn's fear of bias was an insufficient basis to challenge Judge Martin. This contention entirely misses the point of a peremptory challenge. As set forth above, Petitioner was entitled to challenge Judge Martin as a matter of right and needed no basis at all in order to exercise his challenge. Respondents thus provide no adequate explanation for Mr. Bradburn's failure to challenge Judge Martin. Accordingly, Petitioner has overcome the presumption that Mr. Bradburn's failure to challenge Judge Martin fell within the wide range of reasonable professional assistance. Petitioner thus has met the first prong of the *Strickland* test.

While the Court is extremely troubled by Mr. Bradburn's incompetent representation, the Court does not believe that Petitioner has made a sufficient showing of prejudice under the stringent, second prong of *Strickland*. Judge Martin sentenced Petitioner to the maximum sentence of nine years. While arguably a harsh sentence given Petitioner's lack of adult criminal history, a nine year sentence nonetheless was the basic sentence for Petitioner's offense and was within the allowable range under the statute of conviction. Although it is possible, the Court cannot find that it is *reasonably probable* that another judge would have sentenced Petitioner to a lesser term of imprisonment. Accordingly, Petitioner has failed to establish that there is a reasonable probability that, but for Mr. Bradburn's failure to challenge Judge Martin, Petitioner ultimately would have

received a lighter sentence. The Court thus is constrained to deny Petitioner's request for a writ of habeas corpus on the ground of ineffective assistance of counsel.

## II.     Invalid Guilty Plea as a Result of Ineffective Assistance of Counsel

"The test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *Kramer*, 168 F.3d at 1200 (citation omitted). In the instant case, Petitioner argues that Mr. Bradburn provided ineffective assistance by advising him that he would not receive the maximum sentence of nine years, and that this ineffective assistance resulted in an involuntary guilty plea. The two-pronged test for evaluating ineffective assistance claims, as set forth above, "also applies to challenges to guilty pleas." *Id.* at 1201. To establish "prejudice in the guilty plea context, the defendant must establish that there is a reasonable probability that, but for counsel's errors, the defendant would not have pleaded guilty and would have insisted on going to trial." *Id.*

The Tenth Circuit has held that "[a] miscalculation or erroneous sentence estimation by defense counsel is not a constitutionally deficient performance rising to the level of ineffective assistance of counsel." *United States v. Gordon*, 4 F.3d 1567, 1570 (10th Cir. 1993), *cert. denied*, 510 U.S. 1184 (1994); *see also United States v. Rith*, 63 Fed. Appx. 463 (10th Cir. 2003) (holding that, where defendant had been advised that there was no guarantee of any particular sentence, defendant was not entitled to withdraw guilty plea on basis that his counsel had failed to predict correct guideline sentence). In *Laycock v. State of New Mexico*, 880 F.2d 1184 (10th Cir. 1989), however, the Tenth Circuit made clear that while "[a]n erroneous sentencing estimate does not render a plea involuntary, . . . an attorney's unfair representation of probable leniency may be found coercive." *Id.* at 1186. Moreover, the Tenth Circuit held that "[a] plea may not be voluntary when

an attorney materially misinforms the defendant of the consequences of the plea or the court's probable disposition." *Id.* The defendant bears the burden of proving that "his attorney materially misrepresented the consequences of the plea." *Id.*

Petitioner states that Mr. Bradburn advised him that he did not need to worry about receiving the maximum sentence of nine years and that he likely would receive a sentence of three years. Petitioner further states that his decision to enter into the guilty plea was predicated on this advice. Despite Mr. Bradburn's advice, Petitioner in fact was sentenced to the maximum term of nine years. According to Petitioner, Mr. Bradburn's advice constitutes ineffective assistance because: (1) it was outside the range of competence demanded of attorneys in criminal cases for Mr. Bradburn to advise Petitioner that he could not receive the maximum sentence allowed by law; and (2) Mr. Bradburn's incompetence was prejudicial because, but for his advice, Petitioner would not have pleaded guilty and would have insisted on going to trial. As a result of Mr. Bradburn's ineffective assistance, Petitioner contends, his plea was not knowing, intelligent and voluntary.

In his state habeas petition, Petitioner claimed that his due process rights were violated by the fat that the plea agreement "was entered, upon the advice of counsel who suggested and represented that a portion of the first offense sentence would be suspended in accordance with custom in the district." The New Mexico courts denied Petitioner's claim. According to Petitioner, the denial of his claim is contrary to or an unreasonable application of clearly established Federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. §2254(d)(1). Accordingly, Petitioner argues, the appropriate remedy is for this Court to issue a writ of habeas corpus.

It is arguable that Mr. Bradburn's assurances to Petitioner that he would not receive the maximum sentence fell below the minimum standard of competence demanded of attorneys in criminal

cases. Petitioner testified, however, that Mr. Bradburn made these assurances only *after* Petitioner signed the plea agreement. Based on Petitioner's own testimony, it does not appear that Petitioner's decision to enter into the plea agreement was predicated on Mr. Bradburn's assurances. Accordingly, Petitioner has not established that there is a reasonable probability that, but for Mr. Bradburn's assurances that he likely would receive a sentence of three years and did not need to worry about receiving the maximum sentence, Petitioner would not have pleaded guilty and would have insisted on going to trial. Petitioner thus has failed to establish prejudice in the context of his guilty plea and, consequently, the Court cannot find that his guilty plea was not knowing, intelligent and voluntary.

## CONCLUSION

Petitioner has failed to establish either that Mr. Bradburn provided ineffective assistance of counsel by failing to challenge Judge Martin or that Petitioner's plea was not knowing and voluntary because it was based on Mr. Bradburn's ineffective assistance. Accordingly, there is no basis upon which to grant Petitioner a writ of habeas corpus.

**IT IS THEREFORE ORDERED** that Respondent's Petition **[Doc. No. 1]** is hereby **DISMISSED**.

Dated this 28th day of September, 2005.

_____
MARTHA VAZQUEZ
CHIEF UNITED STATES DISTRICT JUDGE

Attorney for Petitioner:
Steve McCue

Attorney for Respondents:
Margaret McLean